FILED

14 APR 30 PM 3:10

[stamp: U.S. DISTRICT COURT / DISTRICT OF CALIFORNIA]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD STEVEN DAVIS, Booking No. 13711805, <br><br>Plaintiff, <br><br>vs. <br><br>RONALD A. MENDES, Deputy District Attorney; J. DUNN, Deputy District Attorney; KYLE SUTTERLY, Deputy District Attorney; STATE OF CALIFORNIA; DISTRICT ATTORNEY'S OFFICE, <br><br>Defendants. | Civil No. 13-CV-1817 BEN (RBB) <br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1)** |

On August 5, 2013, Edward Steven Davis ("Plaintiff"), an inmate currently housed at George Bailey Detention Facility in San Diego, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1), as well as two separate addenda, both adding amendments to his pleading (ECF Doc. Nos. 7, 9).

///
///

## I. Procedural History

On November 1, 2013, the Court granted Plaintiff's Motion to Proceed IFP, but denied his Motion for Appointment of Counsel. (ECF Doc. No. 11). The Court simultaneously dismissed his Complaint for failing to state a claim upon which section § 1983 relief could be granted and for seeking damages against defendants who are immune pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A (*Id.*).

Specifically, the Court found that to the extent Plaintiff asked this Court to intervene in ongoing state criminal proceedings, abstention was warranted pursuant to *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). *See* Nov. 1, 2013 Order at 4. The Court further found that to the extent Plaintiff asked this Court to "reverse" any conviction he might face, a § 1983 suit was the improper remedy. *Id.* at 6 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). To the extent Plaintiff sought damages based on allegations of a "false prosecution," the Court found his complaint required dismissal because it failed to allege that his conviction had already been invalidated. *Id.* at 5 (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Finally, the Court dismissed Plaintiff's claims for damages against Defendants Mendes, Dunn, and Sutterly, all of whom were alleged to be Deputy District Attorneys assigned to prosecute his criminal action, on grounds that they are entitled to absolute immunity. *Id.* at 5-6 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (1986)).

Plaintiff was granted forty-five days leave in which to amend, however, in order to "cure[] all the deficiencies of pleading" identified by the Court. *See* Nov. 1, 2013 Order at 7. Plaintiff was further cautioned that if his Amended Complaint still failed to state a claim, it might be dismissed without further leave to amend, and that the dismissal could potentially be considered a "strike" against him pursuant to 28 U.S.C. § 1915(g). *Id.* Plaintiff has since filed an Amended Complaint ("Amend. Compl.") (ECF Doc. No. 12), to which the Court now turns.

/ / /

/ / /

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

As Plaintiff is aware, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

///

the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### B. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint suffers from the exact same deficiencies of pleading as his original Complaint. Thus, he still fails to state a claim, and still seeks damages from defendants who are immune. Therefore, Plaintiff's Amended Complaint also requires dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

First, the Court finds that to the extent Plaintiff's Amended Complaint continues to seek injunctive relief preventing Defendants "from going any further with []his illegal and false prosecution," *see* Amend. Compl. at 5, his claims remain subject to dismissal based on abstention. *See Younger*, 401 U.S. at 45-47; *see also Gilbertson v. Albright*, 381 F.3d 965, 968, 973 (9th Cir. 2004) (en banc) (federal courts should abstain if granting injunctive relief would interfere with pending state judicial proceedings).

Second, to the extent Plaintiff continues to request that "any punishment be reversed and [San Diego Superior Court case] #CE327822" be "dismissed," *see* Amend. Compl. at 5, he simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser*, 411 U.S. at 489. He must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489).

///

Third, to the extent Plaintiff's Amended Complaint continues to seek damages based on his ongoing criminal prosecution, he continues to fail to state a claim because a judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," and he fails to allege that his conviction or sentence has already been invalidated. *See Heck*, 512 U.S. at 487; *Wilkinson*, 544 U.S. at 82.

Finally, to the extent Plaintiff continues to seek damages against San Diego Deputy District Attorneys Mendes, Dunn, and Sutterly for instituting a "false prosecution" against him, his Amended Complaint remains subject to dismissal for the same reasons his original complaint was dismissed. Criminal prosecutors are absolutely immune from civil damages premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). As Plaintiff was advised in this Court's November 1, 2103 Order, a prosecutor is immune even when his malicious or dishonest actions are alleged to have deprived a defendant of his liberty. *See* Nov. 1, 2013 Order at 5 (citing *Ashelman*, 793 F.2d at 1075).

### III. Conclusion and Order

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted, and for seeking damages against defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

**IT IS FURTHER ORDERED** that because Plaintiff has been previously apprised of his pleading deficiencies, and has been permitted an opportunity to amend to no avail, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot,

1 | state a claim containing an arguable basis in law, this action should be dismissed without
2 | leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d
3 | 904, 907 (9th Cir. 1996)).

4 | **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of
5 | dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. §
6 | 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v.*
7 | *Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP
8 | on appeal only if appeal would not be frivolous).

9 | The Clerk shall close the file.

11 | DATED: 4/30/14

HON. ROGER T. BENITEZ
United States District Judge